David J. D'Aloia (ddaloia@saiber.com)
Geri Albin (galbin@saiber.com)
**SAIBER LLC**
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
(973) 622-3333

*Attorneys for Defendant,*
*Allstate Insurance Company*

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD ARJUN KAUL, MD; DAVID BASCH, MD; JANE DOE; JOHN DOE,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>INTERCONTINENTAL EXCHANGE; GEICO; TD BANK; ALLSTATE INSURANCE COMPANY; FEDERATION STATE MEDICAL BOARDS; ARTHUR HENRERER; CHRISTOPHER J. CHRISTIE; DANIEL STOLZ; ATLANTIC HEALTH SYSTEM; ROBERT HEARY; PHILIP MURPHY; GURBIR GREWAL; RIVKIN RADLER LAW FIRM; MAX GERSENOFF; JANE DOE; JOHN DOE,<br><br>　　　　　　Defendants. | Civil Action No. 1:21-cv-6992<br><br>**DECLARATION OF**<br>**DAVID J. D'ALOIA** |

**DAVID J. D'ALOIA**, hereby declares, under penalty of perjury as follows:

1. I am member of the law firm Saiber LLC, counsel for Defendant Allstate Insurance Company ("Allstate") in the above-captioned action.

2. I submit this declaration in support of Allstate's motion for an award of attorneys' fees and costs against Plaintiff Richard Arjun Kaul ("Kaul") pursuant to this Court's Opinion and Order dated September 12, 2025 (Dkt. 202) (the "Contempt Order"), which held Kaul in civil contempt and directed defendants to submit certifications of their reasonable fees and costs within

sixty (60) days.

3. I am personally familiar with the facts set forth herein based upon my representation of Allstate in this matter, my review of the pleadings and docket, and my supervision of the attorneys and staff who performed work on this case and on related actions filed by Kaul in violation of this Court's the Filing Injunction Order dated September 12, 2022 (the "Injunction Order").

4. I have practiced law for more than forty-five years and am certified by the New Jersey Supreme Court as a Civil Trial Attorney. My practice concentrates in complex insurance, reinsurance, and commercial litigation, and I routinely represent major domestic insurers in coverage, bad-faith, class-action, and reinsurance disputes nationwide.

5. I have been licensed to practice law since 1977.

6. I am licensed to practice law in the State of New Jersey and am admitted to practice before the United States District Courts for the District of New Jersey, the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Third Circuits.

7. I am in good standing in every jurisdiction in which I am licensed to practice.

8. Over the course of my career, I have been consistently recognized by my peers and the legal community for professional excellence in the field of insurance and reinsurance law. I hold an "AV" Martindale-Hubbell® Peer Review Rating™, have been listed in Best Lawyers® in America for Insurance Law each year from 2014 through 2026, and have been selected to New Jersey Super Lawyers® annually from 2005 through 2025, including the Top 100 Lawyers designation in 2015.

9. Following the Court's entry of the Injunction Order, Kaul filed numerous new federal actions naming Allstate and other defendants despite that injunction.

10. The following cases were filed by Kaul naming Allstate as a defendant after the Injunction Order was entered:

- *Kaul v. Center for Personalized Ed. for Physicians*, No. 23-CV-672 (E.D.N.C.);
- *Kaul v. Intercontinental Exchange*, No. 23-CV-2016 (S.D.N.Y.);
- *Kaul v. Christie*, No. 23-CV-3473 (D.N.J.);
- *Kaul v. Christie*, No. 23-CV-22582 (S.D. Fla.);
- *Kaul v. Federation State Medical Boards*, No. 24-CV-3180 (S.D. Tex.);
- *Kaul v. Federation State Medical Boards*, No. 25-CV-25 (S.D. Miss.);
- *Kaul v. Federation State Medical Boards*, No. 25-CV-641 (D.D.C.); and
- *Kaul v. Federation State Medical Boards*, No. 25-CV-1676 (S.D. Tex.).

Several related appeals ensued in the Fourth, Fifth, and Second Circuits arising from those actions.

11. The Court's September 12, 2025 Contempt Order found that these post-injunction filings violated the Court's prior orders and directed Kaul to pay "the reasonable attorney's fees and costs incurred by Defendants as a result of Kaul's violation of those orders—i.e., attorney's fees and costs incurred in defending against all of Kaul's lawsuits filed after the date of the Injunction Order that name any of Defendants and relate to or arise from the denial of Kaul's medical license." (Dkt. 202 at 15).

12. Of the nine actions identified in the Contempt Order as having been filed by Kaul in violation of the Injunction Order, Allstate was named as a defendant in eight: all except *Kaul v. Federation State Medical Boards*, No. 23-CV-22325 (S.D. Fla.). (Dkt. 202 at 6-7).

13. Allstate was required to appear through counsel and incur legal fees in connection with the defense of the post-injunction actions listed above and in responding to Kaul's continued filings in this District, as well as in districts and Courts of Appeals across the country.

14. Allstate was required to appear through counsel and incur legal fees in connection with the defense of the post-injunction actions listed above and in responding to Kaul's continued filings.

15. In my role as counsel for Allstate, I performed and supervised legal work in connection with Kaul's post-injunction lawsuits, reviewed and approved bills for work performed throughout the country, coordinated with local counsel in the various jurisdictions where those actions were filed, and oversaw the work of attorneys and staff at my firm in Allstate's defense across all related matters.

16. Assisting me in this matter was Geri Albin, formerly Counsel and now a Member of Saiber LLC.

17. Ms. Albin has been licensed to practice law since 2006 in the State of New Jersey and 2009 in the State of New York

18. Ms. Albin is licensed to practice law in the States of New Jersey and New York and is admitted to practice before the United States District Court for the District of New Jersey and the United States District Court for the Southern District of New York.

19. Ms. Albin is in good standing in all jurisdictions in which she is admitted.

20. Also assisting in this matter was Kyle Madley, formerly an associate at Saiber LLC. Mr. Madley is licensed to practice law in the State of New Jersey and was in good standing during the period in which he performed work on these matters.

21. From September 14, 2022 through October 27, 2025, attorneys at my firm collectively expended **613.30** hours defending Allstate in Kaul's post-injunction litigations and related proceedings. The total amount billed to Allstate for that work was **$173,499.00**, together with **$26.96** in disbursements for local travel, for a combined total of **$173,525.96** in attorneys'

fees and costs. True and correct copies of the firm's redacted billing statements are attached hereto as *Exhibit A*.

22. I billed 332.60 hours in connection with Allstate's defense of Kaul's post-injunction litigations filed in violation of the Injunction Order, at an hourly rate of $300.00, for a total of $99,780.00.

23. Ms. Albin billed 250.70 hours in connection with Allstate's defense of Kaul's post-injunction litigations filed in violation of the Injunction Order, at an hourly rate of $270.00, for a total of $67,689.00.

24. Mr. Madley billed 30.00 hours in connection with Allstate's defense of Kaul's post-injunction litigations filed in violation of the Injunction Order, at an hourly rate of $210.00, for a total of $6,300.00.

25. The invoices were generated contemporaneously in the ordinary course of Saiber LLC's business.

26. The time recorded reflects work directly and exclusively related to Kaul's post-injunction filings in violation of the Court's orders.

27. Administrative time, clerical tasks, and unrelated activities were excluded.

28. Allstate's bills were reviewed for accuracy, and adjustments were made where appropriate to ensure that only reasonable time entries are included.

29. The hourly rates charged by Saiber LLC personnel during this period ranged from $201.00 to $300.00 for attorneys, which are discounted rates charged to an insurance company client.

30. The average hourly rate that my firm billed in defense of Kaul's post-injunction litigations was $282.89.

31. These rates are consistent with, and in many instances below, those customarily charged by firms of comparable size and experience in the Southern District of New York for similar complex litigation. A summary of the timekeepers, positions, hours expended, descriptions of the work performed, and rates is included with each invoice contained in *Exhibit A*.

32. Appropriate redactions have been made to the invoices attached hereto in Exhibit A to protect information subject to the attorney–client privilege, the attorney work-product doctrine, and any other applicable privilege or protection. The redactions were limited to privileged communications and legal strategy and do not affect the substance of the time entries necessary to evaluate the reasonableness of the fees and costs incurred.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

By: /s/ *David J. D'Aloia*
    David J. D'Aloia

Dated: November 11, 2025