UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD ARJUN KAUL, MD; DAVID BASCH, MD; JANE DOE; JOHN DOE,

        Plaintiffs,

    v.

INTERCONTINENTAL EXCHANGE; GEICO; TD BANK; ALLSTATE INSURANCE COMPANY; FEDERATION STATE MEDICAL BOARDS; ARTHUR HENRERER; CHRISTOPHER J. CHRISTIE; DANIEL STOLZ; ATLANTIC HEALTH SYSTEM; ROBERT HEARY; PHILIP MURPHY; GURBIR GREWAL; RIVKIN RADLER LAW FIRM; MAX GERSENOFF; JANE DOE; JOHN DOE,

        Defendants.

Civil Action No. 1:21-cv-6992

---

# DEFENDANT ALLSTATE INSURNCE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS MADE PURSUANT TO THE COURT'S SEPTEMBER 12, 2025 CONTEMPT ORDER

David J. D'Aloia
Geri Albin
**SAIBER LLC**
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
(973) 622-3333
ddaloia@saiber.com
galbin@saiber.com

*Attorneys for Defendant,*
*Allstate Insurance Company*

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 2

    I.       Allstate Is Entitled to Recover Its Attorneys' Fees and Costs as a Compensatory Sanction ............................................................................................................ 3

    II.      The Fees and Costs Requested Are Reasonable Under the Lodestar Standard ............................................................................................................ 3

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
   522 F.3d 182 (2d Cir. 2008)..................................................................................................4, 5

*Blum v. Stenson*,
   465 U.S. 886 (1984)......................................................................................................................5

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 107 (2017)......................................................................................................................2

*Global Brand Holdings, LLC v. Access. Direct Int'l USA, Inc.*,
   2020 U.S. Dist. LEXIS 95769, 2020 WL 9762874 (S.D.N.Y. May 29, 2020) .........................5

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)......................................................................................................................4

*Kroshnyi v. U.S. Pack Courier Servs., Inc.*,
   771 F.3d 93 (2d Cir. 2014)............................................................................................................2

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136 (2d Cir. 1983)....................................................................................................2, 3

*Proimmune Company, LLC v. Holista Colltech Ltd.*,
   2024 U.S. Dist. LEXIS 3044, 2024 WL 54281 (S.D.N.Y. Jan. 4, 2024) ...................................5

*Reisman v. Northeastern Power & Gas, LLC*,
   720 F. Supp. 3d 279 (S.D.N.Y.)....................................................................................................5

*Reiter v. MTA N.Y.C. Transit Auth.*,
   457 F.3d 224 (2d Cir. 2006).........................................................................................................5

*Tessemae's LLC v. Atlantis Cap. LLC*,
   2019 U.S. Dist. LEXIS 108020, 2019 WL 2635956 (S.D.N.Y. June 27, 2019) .......................5

*Top Jet Enterprises, Ltd. v. Kulowiec*,
   2022 U.S. Dist. LEXIS 73337, 2022 WL 1184245 (S.D.N.Y. Apr. 21, 2022) ..........................5

*Weitzman v. Stein*,
   98 F.3d 717 (2d Cir. 1996)............................................................................................................2

**PRELIMINARY STATEMENT**

Defendant Allstate Insurance Company ("Allstate") respectfully submits this memorandum of law in support of its motion for an award of attorneys' fees and costs against Plaintiff Richard Arjun Kaul ("Kaul") pursuant to this Court's Opinion and Order dated September 12, 2025 (the "Contempt Order"). (Dkt. 202).

In the Contempt Order, the Court held Kaul in civil contempt of the Court's September 12, 2022 Injunction Order (the "Injunction Order"), as well as subsequent Orders entered on March 15, 2024 and October 2, 2024. (*Id.* at 15). In the Contempt Order, the Court directed that Kaul "pay the reasonable attorney's fees and costs incurred by Defendants as a result of Kaul's violation of those orders—i.e., attorney's fees and costs incurred in defending against all of Kaul's lawsuits filed after the date of the Injunction Order that name any of Defendants and relate to or arise from the denial of Kaul's medical license." (*Id.* at 15). The Court further instructed that Defendants "file certifications detailing such fees and costs within sixty (60) days" of the Contempt Order.

By way of background, the post-injunction cases in which Allstate was named as a defendant are as follows:

- *Kaul v. Center for Personalized Ed. for Physicians*, No. 23-CV-672 (E.D.N.C.);
- *Kaul v. Intercontinental Exchange*, No. 23-CV-2016 (S.D.N.Y.);
- *Kaul v. Christie*, No. 23-CV-3473 (D.N.J.);
- *Kaul v. Christie*, No. 23-CV-22582 (S.D. Fla.);
- *Kaul v. Federation State Medical Boards*, No. 24-CV-3180 (S.D. Tex.);
- *Kaul v. Federation State Medical Boards*, No. 25-CV-25 (S.D. Miss.);
- *Kaul v. Federation State Medical Boards*, No. 25-CV-641 (D.D.C.); and
- *Kaul v. Federation State Medical Boards*, No. 25-CV-1676 (S.D. Tex.).

1

Several related appeals arising from these actions also were or are pending in the Fourth, Fifth, and Second Circuits. Of the nine actions identified in this Court's Contempt Opinion as having been filed by Kaul in violation of the Injunction Order, Allstate was named as a defendant in eight of them: all except *Kaul v. Federation State Medical Boards*, No. 23-CV-22325 (S.D. Fla.). (Dkt. 202 at 6-7); Each of these filings constituted a violation of the Injunction Order and required Allstate to engage counsel and incur attorneys' fees and costs in defending against Kaul's improper lawsuits.

Allstate makes this motion seeking reimbursement of **$173,525.96** in reasonable attorneys' fees and costs, consisting of 613.30 hours of legal work totaling $173,499.00 and $26.96 in disbursements and related costs, representing the compensatory sanction authorized by the Court.

## LEGAL ARGUMENT

A court's power to impose sanctions for civil contempt is well established. The purpose of civil contempt sanctions is twofold: to coerce compliance with the court's orders and to compensate the aggrieved party for losses sustained. *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). As the Supreme Court explained in *Goodyear Tire & Rubber Co. v. Haeger*, compensatory sanctions may include an award of attorneys' fees and costs directly caused by the contemnor's misconduct. 581 U.S. 107, 107-08 (2017). Where a plaintiff "initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." *Id*. at 110.

District courts evaluating a request for attorneys' fees must conduct a "lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate," which results in a presumptively reasonable fee. *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014); *see N.Y. State Ass'n for Retarded*

*Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983) (Reasonableness is determined under the "lodestar" method, which multiplies the number of hours reasonably expended by a reasonable hourly rate). The moving party must support its application with contemporaneous time records specifying "for each attorney, the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148.

> **I.   Allstate Is Entitled to Recover Its Attorneys' Fees and Costs as a Compensatory Sanction**

This Court has already determined that Kaul's post-injunction conduct constitutes civil contempt and that defendants are entitled to recover the reasonable attorneys' fees and costs incurred as a result. (Dkt. 202 at 15).

Allstate's requested fees and costs fall squarely within the scope of the Court's directive. Each action identified in the Declaration of David J. D'Aloia was filed after entry of the Injunction Order, named Allstate as a defendant, and arose from the same nucleus of facts concerning the revocation of Kaul's medical license. In each, Allstate was compelled to retain counsel and incur attorneys' fees and costs in preparing responsive pleadings, motions, and other defensive filings. These are precisely the expenditures the Court held Kaul must reimburse as a compensatory sanction. (*See Id*. at 15). None of the work reflected in Allstate's billing records relates to any matter outside the scope of Kaul's post-injunction filings.

Accordingly, all requested fees and costs, totaling **$173,525.96**, were incurred "as a result of Kaul's violation of those orders." (*Id.* at 15).

> **II.  The Fees and Costs Requested Are Reasonable Under the Lodestar Standard**

The total time expended by Saiber LLC attorneys and staff defending Allstate in Kaul's post-injunction litigations and related proceedings was **613.3 hours**, for total fees of $173,499.00 and disbursements of $26.96, for a combined total of **$173,525.96**. (*See Exhibit A*). All billing

3

entries were made contemporaneously in the ordinary course of business and were reviewed for accuracy and reasonableness. Administrative or clerical tasks were excluded. The hourly rates charged (ranging from $201.00 to $300.00) are discounted rates charged to an insurance company client and are consistent with, and below, rates customarily charged by law firms of comparable size and experience for similar litigation.

The work reflected in these records was directly necessitated by Kaul's repeated, vexatious, and duplicative lawsuits, all of which violated this Court's Injunction Order. As the Court expressly found, "Kaul has filed nearly two dozen repetitive lawsuits in various courts relating to the revocation of his license to practice medicine in New Jersey[,]" and those lawsuits "are meritless and appear to have been filed for the purpose of harassing and imposing costs on the Defendants." (Dkt. 202 at 1). The Court further held that Kaul's filings were "abusive, harassing, and vexatious[,]" and that he "litigated in a manner designed to maximize the degree of harassment" by knowingly filing lawsuits in improper venues, serving oppressive discovery demands, and filing premature motions for default judgment. (*Id*. at 13).

Eight of those lawsuits named Allstate as a defendant, requiring Allstate to retain counsel to respond to Kaul's serial, frivolous, and vexatious filings in actions and appeals across multiple federal jurisdictions. As the Court found, "[n]one of the fees and costs expended by Defendants as a result of Kaul's filings in his lawsuits filed after, and within the scope of, the Injunction Order would have been incurred absent his willful violation of the Injunction Order." (*Id*. at 13).

As the Second Circuit noted in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 522 F.3d 182, 186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The rate to be set should be "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. Any such rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

Specifically, David J. D'Aloia, a Member of Saiber LLC and head of the firm's Insurance and Reinsurance Practice Group, worked 332.60 hours at an hourly rate of $300.00, totaling $99,780.00; Geri Albin, a Member of Saiber LLC (formerly Counsel), worked 250.70 hours at an hourly rate of $270.00, totaling $67,689.00; and Kyle Madley, a former Associate at Saiber LLC, worked 30.00 hours at an hourly rate of $210.00, totaling $6,300.00. (*See* D'Aloia Decl. ¶¶ 22-24). After billing adjustments and reductions for efficiency, the total invoiced amount was $173,499.00 in fees and $26.96 in costs, for a combined total of $173,525.96. (*Id.* ¶ 25). These rates of $300.00, $270.00, and $201.00 per hour for attorneys with experience levels of 45+ years, 15+ years, and 3-5 years, respectively, are in line with similar rates approved in the Southern District. *See Reisman v. Northeastern Power & Gas, LLC*, 720 F. Supp. 3d 279, 293-94 (S.D.N.Y.) (collecting cases throughout the Southern District of New York for "relatively non-complex matters" in justifying rates ranging between $290.00 for paralegals to $695.00 for partners).[1]

---

[1] *Reisman* cites and summarizes several cases addressing reasonable hourly rates, stating as follows: "*Proimmune Company, LLC v. Holista Colltech Ltd.*, 2024 U.S. Dist. LEXIS 3044, 2024 WL 54281, *3 (S.D.N.Y. Jan. 4, 2024) (finding reasonable an hourly partner of $895 and hourly associate rate of $395); *Top Jet Enterprises, Ltd. v. Kulowiec*, 2022 U.S. Dist. LEXIS 73337, 2022 WL 1184245, *3 (S.D.N.Y. Apr. 21, 2022) ("With respect to associate and counsel rates, courts in this District have awarded hourly rates ranging from $300 to $750, depending on years of experience"); *Global Brand Holdings, LLC v. Access. Direct Int'l USA, Inc.*, 2020 U.S. Dist. LEXIS 95769, 2020 WL 9762874, *7 (S.D.N.Y. May 29, 2020) (collecting cases and finding partner rates "in the range of $375 to $650" to be reasonable in "straightforward breach of contract actions"), *R&R adopted*, 2020 U.S. Dist. LEXIS 270999, 2020 WL 13823745 (S.D.N.Y. Aug. 4, 2020); *see also Tessemae's LLC v. Atlantis Cap. LLC*, 2019 U.S. Dist. LEXIS 108020, 2019 WL 2635956, *4 (S.D.N.Y. June 27, 2019) (collecting cases supporting reasonableness of hourly rates ranging from $250 to $1,260 per hour for work on "a commercial litigation matter")." 720 F. Supp. 3d at 293-94.

5

Over the three years following entry of the Injunction Order, attorneys at Saiber LLC defended Allstate in eight frivolous lawsuits and multiple related appeals filed by Kaul across the country, as well as a continuous stream of meritless motions and discovery abuses. In total, Saiber LLC devoted 613.3 hours across three attorneys to these matters. Each entry reflected in Allstate's billing records corresponds to necessary defensive work arising directly from Kaul's contemptuous filings, including preparing and filing responsive pleadings, coordinating with local counsel, monitoring and responding to duplicative appeals, and addressing procedural motions. These efforts were reasonable and proportionate to Kaul's extensive pattern of improper litigation, which the Court has already deemed harassing and frivolous.

## CONCLUSION

For the foregoing reasons, and as directed by this Court's September 12, 2025 Contempt Order, Defendant Allstate Insurance Company respectfully requests that the Court enter an order awarding Allstate **$173,525.96** in attorneys' fees and costs as a compensatory sanction for Plaintiff Richard Arjun Kaul's willful violations of the Court's prior orders.

Respectfully submitted,

SAIBER LLC
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
*Attorneys for Defendant,*
*Allstate Insurance Company*

By: /s/ *David J. D'Aloia*
David J. D'Aloia

Dated: November 11, 2025

## CERTIFICATION

I, David J. D'Aloia, certify that this Memorandum of Law was prepared using a word-processing program and that, according to the word-count function of that program, the Memorandum contains 1,829 words, excluding the caption, table of contents, table of authorities, signature block, and this certification. I certify that this document complies with the word-count limitations set forth in Local Civil Rule 7.1 and Judge Oetken's Individual Practices Rule 4(C).

                                             By:  /s/ *David J. D'Aloia*
                                                     David J. D'Aloia

Dated: November 11, 2025